IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60641
Summary Calendar
_____


DAVID SELLERS,

Plaintiff-Appellant,

versus

THE KROGER COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(4:94-CV-221-S-O)
_____

May 21, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The jury in this slip-and-fall case awarded the plaintiff, David Sellers, $2,200 in damages in a general verdict. Sellers appeals the district court's order denying his motion under rule 59 of the Federal Rules of Civil Procedure to set aside the verdict and for a new trial solely on the issue of damages.

> A federal trial court may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate. When a new trial is requested on such evidentiary grounds, the motion should

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

not be granted unless the verdict is against the great, not merely the preponderance, of the evidence. A decision denying a motion for new trial can be overturned only in response to a finding of abuse of discretion.

Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989) (internal citations omitted).

Sellers attempts to deconstruct the general verdict in this case based on the fact the award of $2,200 approximates the amount of his past medical expenses, which totalled $2,173.33. He argues that the jury must have awarded him damages only for past medical expenses, and not for future medical expenses or for pain and suffering, even though the parties contested the issues of negligence, contributory negligence, and damages at trial. Having reviewed the record, the order of the district court, and the briefs of the parties, we cannot find that the district court abused its discretion in denying Sellers' motion. We therefore AFFIRM the judgment of the district court.

A F F I R M E D.